IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SCOT TAYLOR | § | |
| VS. | § | CIVIL ACTION NO. 1:23-cv-411 |
| JAMES PAYNE, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Christopher Scot Taylor, an inmate confined at the Shelby County Jail, proceeding *pro se*, brings this lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Analysis

Plaintiff complains that he has been deprived of life and liberty without due process of law, in violation of the Fifth Amendment. Additionally, Plaintiff complains the Defendants have denied him a speedy trial for the charges against him and have suppressed his Petitions for Writ of Habeas Corpus, in violation of the Fifth and Sixth Amendments. Finally, Plaintiff complains that the Defendants' conduct amounts to cruel and unusual punishment, in violation of the Eighth Amendment. The Defendants are all employed in Shelby County, Texas.

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the Defendants reside or in which the claim arose.

The claims which form the basis of Plaintiff's complaint occurred in Shelby County, Texas. Additionally, all of the Defendants appear to reside in Shelby County, Texas. Pursuant to 28 U.S.C. § 124, Shelby County is located in the Eastern District of Texas. As a result, venue is proper in the Eastern District of Texas.

While Shelby County is in the Eastern District of Texas, it is in the Lufkin Division of the district, rather than the Beaumont Division. When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

For the reasons set forth above, this case should be transferred to the Lufkin Division of the United States District Court for the Eastern District of Texas. A separate Transfer Order shall be entered in accordance with this Memorandum.

**SIGNED this the 17th day of November, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE