IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SCOT TAYLOR | § | |
| VS. | § | CIVIL ACTION NO. 9:23-CV-210 |
| JAMES PAYNE, DISTRICT JUDGE, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Christopher Scot Taylor, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the following defendants: District Judge James Payne, Shelby County District Attorney Karren Price, District Judge LeAnn Rafferty, Shelby County Judge Allison Harbuson, Attorney John Price, Kevin Windham, Chief Deputy Sheriff Ruth Gonzales, Attorney Holly Hammons, and Attorney Dexter Jones.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

## Background

Plaintiff filed this complaint on November 14, 2023. (Doc. # 1.) On November 30, 2023, the undersigned ordered Plaintiff to submit a certified income trust statement for the preceding six month period. (Doc. # 10.) The order gave Plaintiff twenty (20) days to comply. More than ample time has passed, yet the court has received no response from Plaintiff, nor a certified income trust statement.

## Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to

control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).  Plaintiff has failed to submit a certified income trust statement for the preceding six month period.  Plaintiff has also failed to otherwise communicate with the court and has failed to diligently prosecute his case.

Recommendation

This civil action should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts*,* conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SIGNED this the 3rd day of January, 2024.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE